UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JASON LEOPOLD, | ) | |
| | ) | |
| | ) | Civil Action No. 14-cv-1988 (RJL) |
| PLAINTIFF | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT

### THE PARTIES

1.      Plaintiff Jason Leopold is a citizen of California.

2.      Plaintiff is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

3.      Defendant Department of Justice ("DOJ") is an agency of the United States within the meaning of 5 U.S.C. § 552(f). The U.S. Attorney's offices (USAO) are components of DOJ.

4.      The U.S. Attorney's Office for the Eastern District of New York (USAO-EDNY) has possession, custody and control of the records Plaintiff seeks.

### JURISDICTION AND VENUE

5.      This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

6.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

7.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).


## STATEMENT OF FACTS

## BACKGROUND

8.      Plaintiff has submitted a FOIA request to the DOJ pertaining to the United States Attorney for the Eastern District of New York, Loretta E. Lynch. Ms. Lynch has been nominated to succeed Eric Holder as the next United States Attorney General.

9.      Many of the records sought by Mr. Leopold relate to Ms. Lynch's handling of the criminal case against HSBC.

10.     In July 2012, the Senate Homeland Security Governmental Affairs Permanent Subcommittee on Investigations issues a report: U.S. Vulnerabilities to Money Laundering, Drugs, and Terrorist Financing: HSBC Case History.[1] This extraordinary report concluded that between 2001 and 2010 the London based HSBC laundered nearly $2 billion for drug cartels, terrorists, was a conduit for rogue nations, such as Iran and Syria, and concealed evidence of these criminal transactions.

11.     According to Senator Carl Levin, a member of the subcommittee, said at the time, "From 2001 to 2007, HSBC affiliates sent almost 25,000 transactions involving Iran worth over $19bn dollars through [affiliate] HBUS and other US accounts, while concealing any link with Iran in 85% of the transactions."[2] The US has implemented sanctions against Iran and has

---

[1] http://www.hsgac.senate.gov/download/?id=2a76c00f-7c3a-44c8-902e-3d9b5dbd0083
[2] http://www.bbc.com/news/business-18867054

prohibited financial transactions with the countries. The committee determined that HSBC's actions had facilitated terrorism in certain cases.[3]

12.     HSBC had already been the subject of a criminal investigation by the Department of Justice and a separate probe by the Securities and Exchange Commission at the time the Senate subcommittee issued its report. [4] [5] Loretta Lynch, the US Attorney for the Eastern District of New York in Brooklyn, oversaw the case, United States v. HSBC Bank USA.

13.     The investigation into HSBC was part of a larger effort by federal and state prosecutors to crack down on global banks that were suspected of violating United States sanctions.[6] However, as the case against HSBC progressed, HSBC officials reached out to federal prosecutors in Ms. Lynch's office in hopes of settling the criminal case against the bank.

14.     In December 2012, Attorney General Eric Holder, Assistant Attorney General Lanny Breuer, Ms. Lynch and other US government officials, held a news conference and announced that they had entered into a settlement with HSBC in the form of a Deferred Prosecution Agreement that called for the bank to forfeit $1.2 billion. No single individual(s) associated with HSBC was held accountable. According to the Department of Justice's news release:

> "A four-count felony criminal information was filed today in federal court in the Eastern District of New York charging HSBC with willfully failing to maintain an effective anti-money laundering (AML) program, willfully failing to conduct due diligence on its foreign correspondent affiliates, violating IEEPA and violating TWEA. HSBC has waived federal indictment, agreed to the filing

---

[3] http://www.nytimes.com/2012/08/25/business/us-said-to-investigate-money-laundering-at-hsbc.html?pagewanted=all&_r=0
[4] http://www.huffingtonpost.com/2012/02/27/hsbc-illegal-money_n_1305331.html
[5] http://online.wsj.com/articles/SB10001424052748704017904575408790345248682
[6] http://www.nytimes.com/2012/08/25/business/us-said-to-investigate-money-laundering-at-hsbc.html?pagewanted=all&_r=0

of the information, and has accepted responsibility for its criminal
conduct and that of its employees."

15.     Loretta Lynch, the US Attorney for the Eastern District of New York who
handled the case said, "HSBC's blatant failure to implement proper anti-money laundering
controls facilitated the laundering of at least $881 million in drug proceeds through the U.S.
financial system.  HSBC's willful flouting of U.S. sanctions laws and regulations resulted in the
processing of hundreds of millions of dollars in OFAC-prohibited transactions. Today's historic
agreement, which imposes the largest penalty in any BSA prosecution to date, makes it clear that
all corporate citizens, no matter how large, must be held accountable for their actions."

16.     While the government hailed the settlement, banking experts and members of the
public widely criticized the arrangement saying HSBC received the equivalent of a slap on the
wrist. Jack Blum, an international banking expert in Washington, DC remarked, "I'd say this is a
signal to other banks that if you do this kind of stuff you'll get a parking ticket. You pay the fine,
and you move on. And that's unacceptable."[7]

17.     In the immediate aftermath of the settlement between the US government and
HSBC some lawmakers, experts and major news publications questioned whether the Ms.
Lynch's office and the Department of Justice settled with HSBC because the bank was "too big
to fail." The New York Times Editorial Board published an editorial headlined "Too Big to
Indict." The editorial said, "It is a dark day for the rule of law. Federal and state authorities have
chosen not to indict HSBC, the London-based bank, on charges of vast and prolonged money
laundering, for fear that criminal prosecution would topple the bank and, in the process,

[7] http://abcnews.go.com/Blotter/hsbc-pay-record-19-billion-settle-money-
laundering/story?id=17934134&singlePage=true

endanger the financial system. They also have not charged any top HSBC banker in the case, though it boggles the mind that a bank could launder money as HSBC did without anyone in a position of authority making culpable decisions."[8]

18.    In testimony before Congress on March 6, 2013, Senator Chuck Grassley remarked to Attorney General Holder, "In the case of bank prosecution. I'm concerned we have a mentality of 'too big to jail' in the financial sector, spreading from fraud cases to terrorist financing to money laundering cases. I would cite HSBC." [9] Holder, in his response to Grassley, confirmed that the rationale behind Deferred Prosecution Agreements with HSBC has to do with a concern that some banks are too big to prosecute. "I am concerned that the size of some of these institutions becomes so large that it does become difficult for us to prosecute them when we are hit with indications that if we do prosecute — if we do bring a criminal charge — it will have a negative impact on the national economy, perhaps even the world economy. I think that is a function of the fact that some of these institutions have become too large," Holder said. [10]

**PLAINTIFF'S FOIA REQUEST**

19.    On November 10, 2014, Plaintiff sent a FOIA request to the Executive Office of the U.S. Attorneys (EOUSA), requesting:

- Any and all records of the U.S. Attorney's Office for the Eastern District of New York which comprise, in part or in whole, the investigate or case file in *U.S. v. HSBC Bank USA NA and HSBC Holding plc*, 1:12-cr-00763, U.S. District Court, Eastern District of New York (EDNY) (Brooklyn). This request includes, but is not limited to records in USA-007/Criminal Case Files, USA-010/Major Crimes Division Investigative Files, and USA-14/Pre-Trial Diversion Program Files.

---

[8] http://www.nytimes.com/2012/12/12/opinion/hsbc-too-big-to-indict.html?_r=0
[9] http://www.americanbanker.com/issues/178_45/transcript-attorney-general-eric-holder-on-too-big-to-jail-1057295-1.html
[10] http://www.americanbanker.com/issues/178_45/transcript-attorney-general-eric-holder-on-too-big-to-jail-1057295-1.html

- Any and all records of the U.S. Attorney's Office for the Eastern District of New York which mention or refer to a Deferred Prosecution Agreement or Pre-Trial Diversion for the defendants in 1:12-cr-00763. This request includes, but is not limited to, communications discussing whether to offer Pre-Trial Diversion, and if so, what its terms would be; records discussing compliance with the accepted Deferred Prosecution Agreement; and communications to or from the defendants or their attorneys discussing actual or potential Pre-Trial Diversion or Deferred Prosecution Agreement.
- Any and all communications, including but not limited to emails, letters, memoranda (including, for each of these items, records, in draft and final form), to or from United States Attorney for the Eastern District of New York Loretta Lynch containing the term "HSBC" or referring to case 1:12-cr-00763 (whether by name, case number, or otherwise). This request includes, but is not limited to, emails by or between Loretta Lynch and assigned AUSAs Alex Solomon and Daniel Silver, the defendants in the case or their attorneys or representatives, Attorney General Eric Holder.
- A copy of any guidelines, policies, or training material discussing or mentioning when the U.S. Attorney's Office for the Eastern District of New York may, can, or should offer Deferred Prosecution Agreements or other Pre-Trial Diversion.
- Any and all communications, including but not limited to emails, letters, memoranda (including, for each of these items, records, in draft and final form), to or from assigned AUSAs Alex Solomon and Daniel Silver containing the term "HSBC" or referring to case 1:12-cr-00763 (whether by name, case number, or otherwise).
- Any and all communications, including but not limited to emails, letters, memoranda (including, for each of these items, records, in draft and final form), to or from the HSBC defendants, or their employees, agents, representatives, or attorneys referring to or discussing case 1:12-cr-00763 (whether by name, case number, or otherwise). This search should include, but not be limited to, communications to or from defendants' attorneys Alexander John Willscher of Sullivan & Cromwell LLP (willschera@sullcrom.com), Anirudh Bansal of Cahill Gordon & Reindel LLP (abansal@cahill.com), David Noel Kelley of Cahill Gordon & Reindel LLP (dkelley@cahill.com), and Samuel Whitney Seymour of Sullivan & Cromwell LLP (seymours@sullcrom.com); former HSBC General Counsel/Chief Legal Officer Richard Bennett (richardbennett@hsbc.com); or current HSBC General Counsel/Chief Legal Counsel Stuart Levey (stuartlevey@hsbc.com).
- Any and all communications, including but not limited to emails, letters, memoranda (including, for each of these items, records, in draft and final form), to or from the HSBC independent monitor Michael Cherkasky mentioning or referring to HSBC case 1:12-cr-00763 (whether by name, case number, or otherwise).
- Loretta Lynch's personnel file, including but not limited to performance reviews.
- Records contained in USA-001/administrative files mentioning or referring to Loretta Lynch.

20.     In his request to the DOJ, Plaintiff requested expedited processing and a fee waiver.

21.     According to the records of FedEx, the FOIA request was received and signed for on November 12, 2014.

22.     Plaintiff has not received any communication from the DOJ or EOUSA acknowledging receipt, assigning a tracking number, or ruling on his requests for expedited processing and a fee waiver.

**DEFENDANT'S FAILURE TO DETERMINE WHETHER PLAINTIFF IS ENTITLED TO EXPEDITED PROCESSING ON HIS REQUEST**

23.     The DOJ/EOUSA's response to Plaintiff's request for expedited processing was due ten calendar days after it was received on November 12, 2014, which would have been November 22, 2014.

24.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request to the DOJ/EOUSA with a determination as to whether the DOJ will grant expedited processing.

**DEFENDANT'S FAILURE TO MAKE A FINAL DETERMINATION ON PLAINTIFF'S FOIA REQUEST**

25.     The DOJ/EOUSA's response to Plaintiff's FOIA request was due twenty business days after it was received on November 12, 2014, which would have been December 11, 2014.

26.     As of the filing of this Complaint, Plaintiff has not received a response to his FOIA request to the DOJ/EOUSA with a determination as to whether it will comply with the request.

COUNT I:
VIOLATION OF FOIA

27.     This Count realleges and incorporates by reference all of the preceding paragraphs.

28.     Plaintiff is entitled to expedited processing for his request to the DOJ/EOUSA.

29.     Defendant has violated FOIA by failing to grant Plaintiff's request for expedited processing within the time limit prescribed by the statute.

30.     Defendant has violated FOIA by improperly withholding responsive records.

31.     Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to grant Plaintiff's request for expedited processing on his FOIA request.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Declare that Plaintiff is entitled to expedited processing of his FOIA request;

(3) Enjoin Defendant from continuing to withhold the requested records;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

__/s/ Jeffrey Light_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*