November 10, 2014

**Jason Leopold**
**1669 Benedict Canyon Dr.**
**Beverly Hills, CA 90210**

Susan B. Gerson, Assistant Director, FOIA/Privacy Staff
Executive Office for United States Attorneys
Department of Justice
600 E Street, NW, Room 7300
Washington, DC 20530-0001
(202) 252-6020

### FOIA Request

This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. This request seeks expedited processing pursuant to 28 C.F.R. 16.5(d)(1)(iv) because it involves "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

### Requester Information

**Name:** Jason Leopold
**Address:** 1669 Benedict Canyon Dr., Beverly Hills, CA 90210
**Email:** jasonleopold@gmail.com

### Records Sought

I request:

1. Any and all records of the U.S. Attorney's Office for the Eastern District of New York which comprise, in part or in whole, the investigate or case file in *U.S. v. HSBC Bank USA NA and HSBC Holding plc*, 1:12-cr-00763, U.S. District Court, Eastern District of New York (EDNY) (Brooklyn). This request includes, but is not limited to records in USA-007/Criminal Case Files, USA-010/Major Crimes Division Investigative Files, and USA-14/Pre-Trial Diversion Program Files.
2. Any and all records of the U.S. Attorney's Office for the Eastern District of New York which mention or refer to a Deferred Prosecution Agreement or Pre-Trial Diversion for the defendants in 1:12-cr-00763. This request includes, but is not limited to, communications discussing whether to offer Pre-Trial Diversion, and if so, what its terms would be; records discussing compliance with the accepted Deferred Prosecution Agreement; and communications to or from the defendants or their attorneys discussing actual or potential Pre-Trial Diversion or Deferred Prosecution Agreement.
3. Any and all communications, including but not limited to emails, letters, memoranda (including, for each of these items, records, in draft and final form), to or from United States Attorney for the Eastern District of New York Loretta Lynch containing the term

1

"HSBC" or referring to case 1:12-cr-00763 (whether by name, case number, or otherwise). This request includes, but is not limited to, emails by or between Loretta Lynch and assigned AUSAs Alex Solomon and Daniel Silver, the defendants in the case or their attorneys or representatives, Attorney General Eric Holder.
4. A copy of any guidelines, policies, or training material discussing or mentioning when the U.S. Attorney's Office for the Eastern District of New York may, can, or should offer Deferred Prosecution Agreements or other Pre-Trial Diversion.
5. Any and all communications, including but not limited to emails, letters, memoranda (including, for each of these items, records, in draft and final form), to or from assigned AUSAs Alex Solomon and Daniel Silver containing the term "HSBC" or referring to case 1:12-cr-00763 (whether by name, case number, or otherwise).
6. Any and all communications, including but not limited to emails, letters, memoranda (including, for each of these items, records, in draft and final form), to or from the HSBC defendants, or their employees, agents, representatives, or attorneys referring to or discussing case 1:12-cr-00763 (whether by name, case number, or otherwise). This search should include, but not be limited to, communications to or from defendants' attorneys Alexander John Willscher of Sullivan & Cromwell LLP (willschera@sullcrom.com), Anirudh Bansal of Cahill Gordon & Reindel LLP (abansal@cahill.com), David Noel Kelley of Cahill Gordon & Reindel LLP (dkelley@cahill.com), and Samuel Whitney Seymour of Sullivan & Cromwell LLP (seymours@sullcrom.com); former HSBC General Counsel/Chief Legal Officer Richard Bennett (richardbennett@hsbc.com); or current HSBC General Counsel/Chief Legal Counsel Stuart Levey (stuartlevey@hsbc.com).
7. Any and all communications, including but not limited to emails, letters, memoranda (including, for each of these items, records, in draft and final form), to or from the HSBC independent monitor Michael Cherkasky mentioning or referring to HSBC case 1:12-cr-00763 (whether by name, case number, or otherwise).
8. Loretta Lynch's personnel file, including but not limited to performance reviews.
9. Records contained in USA-001/administrative files mentioning or referring to Loretta Lynch.

To be clear, the term HSBC as used in this request refers to HSBC Holdings plc and HSBC Bank USA NA., except where the term is used in quotation marks, in which case it is intended to be a search term as is.

Instructions on Search

I request that EOUSA conduct a search of the Legal Information Office Network Systems (LIONS) as well as central index and emails. For emails, please conduct a server-side search in addition to asking the employees to search their own inboxes and outboxes. Please also search tape backups for emails which might have been deleted. In conducting email searches, please include a search for any email aliases which may have received responsive records (e.g, if there

is hypothetically an email AllCriminalAttorneys@usdoj.gov which distributes a message to all EDNY prosecutors, please search this email alias). When searching for records, please include a search of any shared drives, removable media, laptops, desktops, and all other electronic media.

## Background on the HSBC Case

In July 2012, the Senate Homeland Security Governmental Affairs Permanent Subcommittee on Investigations issues a report: U.S. Vulnerabilities to Money Laundering, Drugs, and Terrorist Financing: HSBC Case History. [1] This extraordinary report concluded that between 2001 and 2010 the London based HSBC laundered nearly $2 billion for drug cartels, terrorists, was a conduit for rogue nations, such as Iran and Syria, and concealed evidence of these criminal transactions.

According to Senator Carl Levin, a member of the subcommittee, said at the time, "From 2001 to 2007, HSBC affiliates sent almost 25,000 transactions involving Iran worth over $19bn dollars through [affiliate] HBUS and other US accounts, while concealing any link with Iran in 85% of the transactions." [2] The US has implemented sanctions against Iran and has prohibited financial transactions with the countries. The committee determined that HSBC's actions had facilitated terrorism in certain cases. [3]

HSBC had already been the subject of a criminal investigation by the Department of Justice and a separate probe by the Securities and Exchange Commission at the time the Senate subcommittee issued its report. [4] [5] Loretta Lynch, the US Attorney for the Eastern District of New York in Brooklyn, oversaw the case, United States v. HSBC Bank USA.

The investigation into HSBC was part of a larger effort by federal and state prosecutors to crack down on global banks that were suspected of violating United States sanctions. [6] However, as the case against HSBC progressed, HSBC officials reached out to federal prosecutors in Ms. Lynch's office in hopes of settling the criminal case against the bank.

In December 2012, Attorney General Eric Holder, Assistant Attorney General Lanny Breuer, Ms. Lynch and other US government officials, held a news conference and announced that they had entered into a settlement with HSBC in the form of a Deferred Prosecution Agreement that called for the bank to forfeit $1.2 billion. No single individual(s) associated with HSBC was held accountable. According to the Department of Justice's news release:

"A four-count felony criminal information was filed today in federal court in the Eastern District of New York charging HSBC with willfully failing to maintain an effective anti-money laundering (AML) program, willfully failing to conduct due diligence on its foreign correspondent affiliates, violating IEEPA and violating TWEA. HSBC has waived federal indictment, agreed to the

---

[1] http://www.hsgac.senate.gov/download/?id=2a76c00f-7c3a-44c8-902e-3d9b5dbd0083
[2] http://www.bbc.com/news/business-18867054
[3] http://www.nytimes.com/2012/08/25/business/us-said-to-investigate-money-laundering-at-hsbc.html?pagewanted=all&_r=0
[4] http://www.huffingtonpost.com/2012/02/27/hsbc-illegal-money_n_1305331.html
[5] http://online.wsj.com/articles/SB10001424052748704017904575408790345248682
[6] http://www.nytimes.com/2012/08/25/business/us-said-to-investigate-money-laundering-at-hsbc.html?pagewanted=all&_r=0

filing of the information, and has accepted responsibility for its criminal conduct and that of its employees."

Loretta Lynch, the US Attorney for the Eastern District of New York who handled the case said, "HSBC's blatant failure to implement proper anti-money laundering controls facilitated the laundering of at least $881 million in drug proceeds through the U.S. financial system.  HSBC's willful flouting of U.S. sanctions laws and regulations resulted in the processing of hundreds of millions of dollars in OFAC-prohibited transactions. Today's historic agreement, which imposes the largest penalty in any BSA prosecution to date, makes it clear that all corporate citizens, no matter how large, must be held accountable for their actions."

While the government hailed the settlement, banking experts and members of the public widely criticized the arrangement saying HSBC received the equivalent of a slap on the wrist. Jack Blum, an international banking expert in Washington, DC remarked, "I'd say this is a signal to other banks that if you do this kind of stuff you'll get a parking ticket. You pay the fine, and you move on. And that's unacceptable." [7]

In the immediate aftermath of the settlement between the US government and HSBC some lawmakers, experts and major news publications questioned whether the Ms. Lynch's office and the Department of Justice settled with HSBC because the bank was "too big to fail." The New York Times Editorial Board published an editorial headlined "Too Big to Indict." The editorial said, "It is a dark day for the rule of law. Federal and state authorities have chosen not to indict HSBC, the London-based bank, on charges of vast and prolonged money laundering, for fear that criminal prosecution would topple the bank and, in the process, endanger the financial system. They also have not charged any top HSBC banker in the case, though it boggles the mind that a bank could launder money as HSBC did without anyone in a position of authority making culpable decisions." [8]

In testimony before Congress on March 6, 2013, Senator Chuck Grassley remarked to Attorney General Holder, "In the case of bank prosecution. I'm concerned we have a mentality of 'too big to jail' in the financial sector, spreading from fraud cases to terrorist financing to money laundering cases. I would cite HSBC." [9] Holder, in his response to Grassley, confirmed that the rationale behind Deferred Prosecution Agreements with HSBC has to do with a concern that some banks are too big to prosecute. "I am concerned that the size of some of these institutions becomes so large that it does become difficult for us to prosecute them when we are hit with indications that if we do prosecute — if we do bring a criminal charge — it will have a negative impact on the national economy, perhaps even the world economy. I think that is a function of the fact that some of these institutions have become too large," Holder said. [10]

Request for Expedited Processing

Under 28 C.F.R. 16.5(d)(1)(iv), a request is to be given expedited processing when it involes "[a] matter of widespread and exceptional media interest in which there exist possible questions

---

[7] http://abcnews.go.com/Blotter/hsbc-pay-record-19-billion-settle-money-laundering/story?id=17934134&singlePage=true
[8] http://www.nytimes.com/2012/12/12/opinion/hsbc-too-big-to-indict.html?_r=0
[9] http://www.americanbanker.com/issues/178_45/transcript-attorney-general-eric-holder-on-too-big-to-jail-1057295-1.html
[10] http://www.americanbanker.com/issues/178_45/transcript-attorney-general-eric-holder-on-too-big-to-jail-1057295-1.html

about the government's integrity which affect public confidence." I am seeking expedited treatment for this request.

1. *The request involves a matter of widespread and exceptional media interest*

US Attorney Loretta Lynch has been nominated to serve as Attorney General of the United States. If the Senate confirms her nomination she will become the most powerful law enforcement official in the country. Since her nomination was announced, dozens of news reports about her work as the US Attorney in the Eastern District of New York have been published, many of which have scrutinized the HSBC deal. Currently, there are 169,000 Google "hits" for "HSBC money laundering Loretta Lynch." [11]

2. *The subject matter of the request involves possible questions about the government's integrity which affect public confidence.*

The deal Ms. Lynch and other officials entered into with HSBC suggests that a two-tiered legal system exists: one for ordinary American citizens and another for powerful institutions such as HSBC.

The Wall Street Journal reported, "Ms. Lynch's office has been at the center of some of the Justice Department's major cases against banks. Her office took the lead on a money-laundering investigation into HSBC Holdings PLC that led to a $2 billion penalty in 2012, and it was involved in the probe that resulted in a $7 billion settlement with Citigroup Inc. over its sale of residential mortgage-backed securities ahead of the financial crisis." [12]

This two-tiered system of justice impacts the public's confidence in government. It raises questions as to whether Ms. Lynch applies the law unequally to those who are accused of breaking it. The case files on HSBC will provide much needed answers to those questions as well as a transparent look into the arrangement.

3. *Expedited processing is also appropriate because of the existence of a compelling need to inform the public*

Although expedited processing is clearly warranted under 28 C.F.R. 16.5(d)(1)(iv), it is alternatively proper under under 28 C.F.R. 16.5(d)(1)(ii) which provides for expedited processing when there exists "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

I am an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open

---

[11] https://www.google.com/search?q=hsbc+money+laundering&oq=hsbc+mo&aqs=chrome.0.69i59j0j69i59j69i57j0j69i60.6760j0j4&sourceid=chrome&es_sm=91&ie=UTF-8#q=hsbc+money+laundering+loretta+lynch

[12] http://online.wsj.com/articles/profile-of-attorney-general-pick-loretta-lynch-tenacious-and-fair-1415406152

government. [13] Additionally, my reporting has been published in the The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

In addition to the reasons described in the articles in the previous section, there is an additional reason why there is an urgent need to inform the public. President Barack Obama announced on Saturday November 8, 2014 that Loretta Lynch is his pick to replace outgoing Attorney General Eric Holder. [14] President Obama has urged the Senate to confirm her "without delay." There is a strong possibility that the Senate, in which Democrats currently control a majority of the seats, will hold a hearing and confirm her before Republicans take control in January. Republican lawmakers won the majority of the seats that were up for grabs during the November 4, 2014 midterm elections. [15]

4. *Certification pursuant to 28 C.F.R. 16.5(d)(3)*

I certify the foregoing to be true and correct to the best of my knowledge and belief.

_____
Jason Leopold

Fee Category and Request for a Fee Waiver

I hereby request a fee waiver and incorporate by reference the explanation in the previous section which demonstrates why the requested information is in the public interest and the facts relating to my ability to disseminate information. Further, the records sought are not for a commercial purpose, but simply to inform the public about the operations of the government.

Should my request for a fee waiver be denied, I request that I be categorized as a member of the news media for fee purposes. According to 5 U.S.C. § 552(a)(4)(A)(ii), which codified the ruling of *Nat'l Security Archive v. Dep't of Defense*, 880 F.2d 1381 (D.C. Cir. 1989), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.

As the legislative history of FOIA reveals, "It is critical that the phrase 'representative of the news media' be broadly interpreted if the act is to work as expected. . . . In fact, any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'" 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis in original quotation); and 2) "A request by a reporter or other person affiliated with a newspaper, magazine, television or radio station, or other entity that is in the business of publishing or otherwise disseminating information to the public qualifies under this

---

[13] https://news.vice.com/contributor/jason-leopold
[14] http://www.whitehouse.gov/the-press-office/2014/11/09/remarks-president-nomination-loretta-lynch-attorney-general
[15] http://www.usatoday.com/story/news/2014/11/08/obama-loretta-lynch-senate-republicans-mitch-mcconnell/18706401/

provision." 132 Cong. Rec. H9463 (Oct. 8, 1986) (emphasis in original quotation)).  Therefore, in accordance with the Freedom of Information Act and relevant case law, I, Jason Leopold, should be considered a representative of the news media.

Other matters relating to this request

If you deny all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law.  In excising material, please "black out" rather than "white out" or "cut out."  In addition, I draw your attention to President Obama's 21 January 2009 Memorandum for the Heads of Executive Departments and Agencies, directing federal agencies to adopt a presumption in favor of disclosure and stating that government information should not be kept confidential "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears."

Please provide any records produced in response to this request in electronic (soft-copy) form to JasonLeopold@gmail.com. Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Kind regards,


Jason Leopold