UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br><br>        **PLAINTIFF**<br>  vs.<br><br>DEPARTMENT OF JUSTICE,<br><br><br>       **DEFENDANT** | )<br>)<br>)  Civil Action No. 1:14-cv-1988 (RJL)<br>)<br>)  **<u>HEARING REQUESTED</u>**<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>EXPEDITED MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiff, Mr. Jason Leopold, respectfully moves this Court to issue a preliminary injunction ordering the Department of Justice to release any nonexempt records responsive to his FOIA request on or before January 26, 2015. Mr. Leopold requests that the Court hold a telephonic hearing on this motion on January 20, 2015 or as soon thereafter as the Court's schedule permits. Defendant does not consent to this motion.

Respectfully Submitted,

  _/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*

Dated: January 20, 2015

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JASON LEOPOLD, | ) | |
| | ) | |
| PLAINTIFF | ) | Civil Action No. 1:14-cv-1988 (RJL) |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EXPEDITED MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Mr. Jason Leopold, submitted a FOIA to the Department of Justice (DOJ) requesting records related to Loretta Lynch, the President's nominee for Attorney General. After the DOJ did not rule on his request for expedited processing within the time period required by the statute, Mr. Leopold filed the present suit. Defendant sought and received, over Plaintiff's objection, an extension of time until February 4, 2015 to file its Answer. Plaintiff then moved for summary judgment as to his entitlement to expedited processing. Defendant sought and received, over Plaintiff's objection, an extension of time until February 4, 2015 to file its opposition to Plaintiff's motion for summary judgment.

On January 16, 2015, Sen. Chuck Grassley announced that the Senate Judiciary Committee would hold its confirmation hearing on Lynch's nomination on January 28 and 29, 2015.[1] Given this imminent deadline, Plaintiff now moves the court for a

---

[1] http://www.grassley.senate.gov/news/news-releases/grassley-sets-hearing-attorney-general-nominee-jan-28-and-29

1

preliminary injunction ordering Defendant to release nonexempt records responsive to his FOIA request no later January 26, 2015.

## I. Background

In July 2012, the Senate Homeland Security Governmental Affairs Permanent Subcommittee on Investigations issues a report: U.S. Vulnerabilities to Money Laundering, Drugs, and Terrorist Financing: HSBC Case History. [2] This extraordinary report concluded that between 2001 and 2010 the London based HSBC laundered nearly $2 billion for drug cartels, terrorists, was a conduit for rogue nations, such as Iran and Syria, and concealed evidence of these criminal transactions.

According to Senator Carl Levin, a member of the subcommittee, said at the time, "From 2001 to 2007, HSBC affiliates sent almost 25,000 transactions involving Iran worth over $19bn dollars through [affiliate] HBUS and other US accounts, while concealing any link with Iran in 85% of the transactions." [3] The US has implemented sanctions against Iran and has prohibited financial transactions with the countries. The committee determined that HSBC's actions had facilitated terrorism in certain cases. [4]

HSBC had already been the subject of a criminal investigation by the Department of Justice and a separate probe by the Securities and Exchange Commission at the time the

---

[2] http://www.hsgac.senate.gov/download/?id=2a76c00f-7c3a-44c8-902e-3d9b5dbd0083
[3] http://www.bbc.com/news/business-18867054
[4] http://www.nytimes.com/2012/08/25/business/us-said-to-investigate-money-laundering-at-hsbc.html?pagewanted=all&_r=0

Senate subcommittee issued its report. [5] [6] Loretta Lynch, the US Attorney for the Eastern District of New York in Brooklyn, oversaw the case, United States v. HSBC Bank USA.

The investigation into HSBC was part of a larger effort by federal and state prosecutors to crack down on global banks that were suspected of violating United States sanctions. [7] However, as the case against HSBC progressed, HSBC officials reached out to federal prosecutors in Ms. Lynch's office in hopes of settling the criminal case against the bank.

In December 2012, Attorney General Eric Holder, Assistant Attorney General Lanny Breuer, Ms. Lynch and other US government officials, held a news conference and announced that they had entered into a settlement with HSBC in the form of a Deferred Prosecution Agreement that called for the bank to forfeit $1.2 billion. No single individual(s) associated with HSBC was held accountable. According to the Department of Justice's news release:

"A four-count felony criminal information was filed today in federal court in the Eastern District of New York charging HSBC with willfully failing to maintain an effective anti-money laundering (AML) program, willfully failing to conduct due diligence on its foreign correspondent affiliates, violating IEEPA and violating TWEA. HSBC has waived federal indictment, agreed to the filing of the information, and has accepted responsibility for its criminal conduct and that of its employees."

---

[5] http://www.huffingtonpost.com/2012/02/27/hsbc-illegal-money_n_1305331.html
[6] http://online.wsj.com/articles/SB10001424052748704017904575408790345248682
[7] http://www.nytimes.com/2012/08/25/business/us-said-to-investigate-money-laundering-at-hsbc.html?pagewanted=all&_r=0

Loretta Lynch, the US Attorney for the Eastern District of New York who handled the case said, "HSBC's blatant failure to implement proper anti-money laundering controls facilitated the laundering of at least $881 million in drug proceeds through the U.S. financial system.  HSBC's willful flouting of U.S. sanctions laws and regulations resulted in the processing of hundreds of millions of dollars in OFAC-prohibited transactions. Today's historic agreement, which imposes the largest penalty in any BSA prosecution to date, makes it clear that all corporate citizens, no matter how large, must be held accountable for their actions."

While the government hailed the settlement, banking experts and members of the public widely criticized the arrangement saying HSBC received the equivalent of a slap on the wrist. Jack Blum, an international banking expert in Washington, DC remarked, "I'd say this is a signal to other banks that if you do this kind of stuff you'll get a parking ticket. You pay the fine, and you move on. And that's unacceptable." [8]

In the immediate aftermath of the settlement between the US government and HSBC some lawmakers, experts and major news publications questioned whether the Ms. Lynch's office and the Department of Justice settled with HSBC because the bank was "too big to fail." The New York Times Editorial Board published an editorial headlined "Too Big to Indict." The editorial said, "It is a dark day for the rule of law. Federal and state authorities have chosen not to indict HSBC, the London-based bank, on charges of vast and prolonged money laundering, for fear that criminal prosecution would topple the bank and, in the process, endanger the financial system. They also have not charged any

---

[8] http://abcnews.go.com/Blotter/hsbc-pay-record-19-billion-settle-money-laundering/story?id=17934134&singlePage=true

top HSBC banker in the case, though it boggles the mind that a bank could launder money as HSBC did without anyone in a position of authority making culpable decisions." [9]

In testimony before Congress on March 6, 2013, Senator Chuck Grassley remarked to Attorney General Holder, "In the case of bank prosecution. I'm concerned we have a mentality of 'too big to jail' in the financial sector, spreading from fraud cases to terrorist financing to money laundering cases. I would cite HSBC." [10] Holder, in his response to Grassley, confirmed that the rationale behind Deferred Prosecution Agreements with HSBC has to do with a concern that some banks are too big to prosecute. "I am concerned that the size of some of these institutions becomes so large that it does become difficult for us to prosecute them when we are hit with indications that if we do prosecute — if we do bring a criminal charge — it will have a negative impact on the national economy, perhaps even the world economy. I think that is a function of the fact that some of these institutions have become too large," Holder said. [11]

## II. Statement of Facts

On November 10, 2014, Mr. Leopold mailed a request to the Acting Director of FOIA/Privacy Staff at the Executive Office of U.S. Attorneys for records relating to

---

[9] http://www.nytimes.com/2012/12/12/opinion/hsbc-too-big-to-indict.html?_r=0
[10] http://www.americanbanker.com/issues/178_45/transcript-attorney-general-eric-holder-on-too-big-to-jail-1057295-1.html
[11] http://www.americanbanker.com/issues/178_45/transcript-attorney-general-eric-holder-on-too-big-to-jail-1057295-1.html

President Obama's prosed nominee for Attorney General. Mr. Leopold sought expedited

processing and requested the following records:

1. Any and all records of the U.S. Attorney's Office for the Eastern District of New
York which comprise, in part or in whole, the investigate or case file in *U.S. v.
HSBC Bank USA NA and HSBC Holding plc*, 1:12-cr-00763, U.S. District Court,
Eastern District of New York (EDNY) (Brooklyn). This request includes, but is
not limited to records in USA-007/Criminal Case Files, USA-010/Major Crimes
Division Investigative Files, and USA-14/Pre-Trial Diversion Program Files.

2. Any and all records of the U.S. Attorney's Office for the Eastern District of New
York which mention or refer to a Deferred Prosecution Agreement or Pre-Trial
Diversion for the defendants in 1:12-cr-00763. This request includes, but is not
limited to, communications discussing whether to offer Pre-Trial Diversion, and if
so, what its terms would be; records discussing compliance with the accepted
Deferred Prosecution Agreement; and communications to or from the defendants
or their attorneys discussing actual or potential Pre-Trial Diversion or Deferred
Prosecution Agreement.

3. Any and all communications, including but not limited to emails, letters,
memoranda (including, for each of these items, records, in draft and final form),
to or from United States Attorney for the Eastern District of New York Loretta
Lynch containing the term "HSBC" or referring to case 1:12-cr-00763 (whether
by name, case number, or otherwise). This request includes, but is not limited to,
emails by or between Loretta Lynch and assigned AUSAs Alex Solomon and
Daniel Silver, the defendants in the case or their attorneys or representatives,
Attorney General Eric Holder.

4. A copy of any guidelines, policies, or training material discussing or mentioning
when the U.S. Attorney's Office for the Eastern District of New York may, can,
or should offer Deferred Prosecution Agreements or other Pre-Trial Diversion.

5. Any and all communications, including but not limited to emails, letters,
memoranda (including, for each of these items, records, in draft and final form),
to or from assigned AUSAs Alex Solomon and Daniel Silver containing the term
"HSBC" or referring to case 1:12-cr-00763 (whether by name, case number, or
otherwise).

6. Any and all communications, including but not limited to emails, letters,
memoranda (including, for each of these items, records, in draft and final form),
to or from the HSBC defendants, or their employees, agents, representatives, or
attorneys referring to or discussing case 1:12-cr-00763 (whether by name, case
number, or otherwise). This search should include, but not be limited to,
communications to or from defendants' attorneys Alexander John Willscher of

6

Sullivan & Cromwell LLP (willschera@sullcrom.com), Anirudh Bansal of Cahill Gordon & Reindel LLP (abansal@cahill.com), David Noel Kelley of Cahill Gordon & Reindel LLP (dkelley@cahill.com), and Samuel Whitney Seymour of Sullivan & Cromwell LLP (seymours@sullcrom.com); former HSBC General Counsel/Chief Legal Officer Richard Bennett (richardbennett@hsbc.com); or current HSBC General Counsel/Chief Legal Counsel Stuart Levey (stuartlevey@hsbc.com).

7.  Any and all communications, including but not limited to emails, letters, memoranda (including, for each of these items, records, in draft and final form), to or from the HSBC independent monitor Michael Cherkasky mentioning or referring to HSBC case 1:12-cr-00763 (whether by name, case number, or otherwise).

8.  Loretta Lynch's personnel file, including but not limited to performance reviews.

9.  Records contained in USA-001/administrative files mentioning or referring to Loretta Lynch.

According to the records of FedEx, the FOIA request was received and signed for on November 12, 2014. After the statutory period of 10 calendar days had expired without a response from the DOJ as to whether it would grant the request for expedited processing, Mr. Leopold filed the present suit on November 24, 2014.

### III. Preliminary Injunction

"On numerous occasions, federal courts have entertained motions for a preliminary injunction in FOIA cases and, when appropriate, have granted such motions." *Elec. Privacy Info. Ctr. v. DOJ*, 416 F. Supp. 2d 30, 35 (D.D.C. 2006) ("*EPIC I*"). An imminent committee hearing on the President's nominee for Attorney General presents precisely the type of situation in which a preliminary injunction is warranted. *Cf. Elec. Privacy Info. Ctr. v. DOJ*, 15 F. Supp. 3d 32, 46 (D.D.C. 2014) ("*EPIC II*") (denying

preliminary injunction in FOIA case where plaintiff "has not pointed to any scheduled committee hearings").

The familiar four-part standard for the grant of a preliminary injunction applies in FOIA cases, as in any other case.  *Al-Fayed v. CIA*, 254 F.3d 300, 303 (D.C. Cir. 2001). In determining whether to grant a preliminary injunction, the Court must weigh: "(1) whether the plaintiff has a substantial likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury were an injunction not granted; (3) whether an injunction would substantially injure other interested parties; and (4) whether the grant of an injunction would further the public interest."   *Id.* Plaintiff addresses each of these factors in turn.

A.  Likelihood of success on the merits

Plaintiff is likely to succeed on his request for expedited processing, thus warranting the setting of a firm date for completion of production. *EPIC I*, 416 F. Supp. 2d at 38 ("[R]elevant case law establishes that courts have the authority to impose concrete deadlines on agencies that delay the processing of requests meriting expedition.")

Plaintiff is likely to succeed on his request for expedited processing because the subject matter of the request involves possible questions about the government's integrity which affect public confidence. 28 C.F.R. 16.5(d)(1)(iv). U.S. Attorney Loretta Lynch has been nominated to serve as Attorney General of the United States. If the Senate confirms her nomination she will become the most powerful law enforcement official in the country. Since her nomination was announced, dozens of news reports about her work

as the US Attorney in the Eastern District of New York have been published, many of which have scrutinized the HSBC deal. At the time Mr. Leopold submitted his FOIA request, there were 169,000 Google "hits" for "HSBC money laundering Loretta Lynch."[12]

The deal Ms. Lynch and other officials entered into with HSBC suggests that a two-tiered legal system exists: one for ordinary American citizens and another for powerful institutions such as HSBC. The *Wall Street Journal* reported, "Ms. Lynch's office has been at the center of some of the Justice Department's major cases against banks. Her office took the lead on a money-laundering investigation into HSBC Holdings PLC that led to a $2 billion penalty in 2012, and it was involved in the probe that resulted in a $7 billion settlement with Citigroup Inc. over its sale of residential mortgage-backed securities ahead of the financial crisis." [13]

This two-tiered system of justice impacts the public's confidence in government. It raises questions as to whether Ms. Lynch applies the law unequally to those who are accused of breaking it. The requested records, including the case files on HSBC, will provide much needed answers to those questions as well as a transparent look into the arrangement.

---

[12]
https://www.google.com/search?q=hsbc+money+laundering&oq=hsbc+mo&aqs=chrome.0.69i59j0j69i59j69i57j0j69i60.6760j0j4&sourceid=chrome&es_sm=91&ie=UTF-8#q=hsbc+money+laundering+loretta+lynch
[13] http://online.wsj.com/articles/profile-of-attorney-general-pick-loretta-lynch-tenacious-and-fair-1415406152

Mr. Leopold is also likely to succeed on his request for expedited processing under 28 C.F.R. 16.5(d)(1)(ii), which provides for expedited processing when there exists "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." Mr. Leopold is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. [14] Additionally, his reporting has been published in *The Guardian*, *The Wall Street Journal*, *The Financial Times*, *Salon*, CBS Marketwatch, *The Los Angeles Times*, *The Nation*, Truthout, Al Jazeera English, and Al Jazeera America.

An "urgency" exists to inform the public about Lynch's handling of the HSBC case because a confirmation hearing is scheduled imminently on her nomination to be the next U.S. Attorney General. Mr. Leopold's request also concerns an "actual . . . federal government activity" – the decision to offer pretrial diversion to HSBC.

B.   Irreparable injury

"FOIA was intended to promote not merely disclosure, but *timely* disclosure." *See Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 259 (D.D.C. 2012). Plaintiff will be irreparably harmed if this motion is not granted because his right to expedited processing will effectively be lost. He seeks to inform the public about Ms. Lynch's activities prior to her confirmation hearing so that there can be a meaningful debate about her qualifications to be Attorney General. *EPIC I*, 413 F. Supp. 2d at 40-41. This information

---

[14] https://news.vice.com/contributor/jason-leopold

will be stale by the time it is released if Plaintiff is not awarded a preliminary injunction. *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The fact that Payne eventually obtained the information it sought provides scant comfort when stale information is of little value yet more costly than fresh information ought to be.")


C.  Injury to others' interests

Defendant cannot claim to be burdened by being compelled to comply with the law. Further, any burden on Defendant that may arise from the grant of the preliminary injunction is entirely of Defendant's own making. Had Defendant begun processing Plaintiff's FOIA request in a timely manner and not sought delays in this Court, there would not be as great a time pressure as there is now. Nevertheless, Plaintiff is willing to prioritize certain portions of his request to ensure release of those records by January 26, 2015. This concession should minimize any burden that Defendant may claim.


D.  Public interest

The public would be well-served by the timely release of the requested records. *Id.* Indeed, grant of the preliminary injunction would further the core public interest sought to be advanced by FOIA, which is "shedding light on an agency's performance of its statutory duties." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989). As this Court has acknowledged, "There is public benefit in the release of information that adds to citizens' knowledge." *Ctr. to Prevent Handgun Violence v. Dep't of Treasury*, 49 F. Supp. 2d 3, 5 (D.D.C. 1999). The requested records would shed

light on how Ms. Lynch performed her public duties as U.S. Attorney and add to the public debate about whether she should be confirmed as Attorney General.

## IV. Conclusion

For the foregoing reasons, the Court should order the DOJ to produce the requested non-exempt records by no later than January 26, 2015.

Respectfully Submitted,

  /s/ Jeffrey Light                                

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*