IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD,

                Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

                Defendant.

Civil Action No. 1:14-cv-01988 (RJL)

## ANSWER

Defendant United States Department of Justice ("Defendant"), through its undersigned counsel, hereby answers Plaintiff Jason Leopold's First Amended Complaint (the "First Amended Complaint") in the above-captioned matter as follows:

    1.-2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 and 2.

    3.    Admitted.

    4.    Paragraph 4 consists of Plaintiff's legal conclusions, to which no response is required. Moreover, Defendant states that the reference to "the records Plaintiff seeks" is too vague and broad to formulate a response.

    5.    Paragraph 5 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits that this action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

6. Paragraph 6 consists of Plaintiff's legal conclusions regarding subject matter jurisdiction, to which no response is required.

7. Paragraph 7 contains Plaintiff's statement of venue, to which no response is required. To the extent a response is required, admitted.

8. Defendant admits that Plaintiff submitted a Freedom of Information Act ("FOIA") request to the Executive Office for United States Attorneys ("EOUSA"). Defendant respectfully refers the Court to the referenced FOIA request for a full and accurate statement of its contents and denies any characterization that is inconsistent therewith. The second sentence of this paragraph is admitted.

9. Paragraph 9 consists of Plaintiff's characterization of his FOIA request and not averments of fact to which a response is required. To the extent a response is required, Defendant respectfully refers the Court to the request for a full and accurate statement of the request's contents and denies any characterization that is inconsistent therewith.

10. Defendant admits the allegations of the first sentence of paragraph 10. The second sentence of paragraph 10 contains Plaintiff's characterization of the cited Senate Report to which no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence.

11. Paragraph 11 contains Plaintiff's characterizations of and quotations from two news articles cited in the accompanying footnotes and not averments of fact to which a response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     The first sentence of paragraph 12 contains Plaintiff's characterizations of two news articles cited in the accompanying footnotes and not averments of fact to which a response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. With regard to the second sentence of this paragraph, Defendant states that the references to "oversaw" and "the case" are too vague to formulate a response. To the extent that a response is required, Defendant admits that Loretta Lynch is the United States Attorney for the Eastern District of New York and denies the remaining allegations of this sentence.

13.     Paragraph 13 contains Plaintiff's characterizations of a news article and events cited in the accompanying footnote and not averments of fact to which a response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.-15. Paragraphs 14 and 15 contain Plaintiff's characterizations of and quotations from a news event and news articles cited in the accompanying footnotes and not averments of fact to which a response is required.

16.-18. Paragraphs 16-18 contain Plaintiff's characterizations of and quotations from news articles and congressional testimony cited in the accompanying footnotes and not averments of fact to which a response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

19.     Defendant acknowledges receiving a letter from Plaintiff dated November 10, 2014, but Defendant denies that Plaintiff's characterization of the document represents the full

3

and accurate contents of the document; instead, Defendant directs the Court to the referenced document for a complete and accurate statement of its contents.

20. Defendant acknowledges receiving a letter dated November 10, 2014, from Plaintiff but Defendant denies that Plaintiff's characterization of the document represents the full and accurate contents of the document; instead, Defendant directs the Court to the referenced document for a complete and accurate statement of its contents.

21. Admitted.

22. Denied. Defendant avers that EOUSA sent a response letter to Plaintiff dated December 19, 2014, in which it assigned the request case number FOIA-2015-00590, denied Plaintiff's request for expedited processing, and stated that it was proceeding to process the request in the normal order.

23. The allegations contained in Paragraph 23 consist of Plaintiff's legal conclusions, to which no response is required.

24. Denied. Defendant avers that EOUSA sent a response letter to Plaintiff dated December 19, 2014, in which it assigned the request case number FOIA-2015-00590, denied Plaintiff's request for expedited processing, and stated that it was proceeding to process the request in the normal order.

25. The allegations contained in Paragraph 25 consist of Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph.

26. Denied.

27. Defendant incorporates by reference its answers to paragraphs l through 26 of the First Amended Complaint.

28.-31.  The allegations contained in paragraphs 28-31 consist of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations of these paragraphs.

The remaining paragraphs of the First Amended Complaint contain Plaintiff's requested relief, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in the remaining paragraphs of the First Amended Complaint and further avers that Plaintiff is not entitled to any relief.

Defendant hereby denies all allegations in the Amended Complaint not expressly admitted or denied, including any allegations and argument in the footnotes.

WHEREFORE, having fully answered the First Amended Complaint, Defendant asserts that Plaintiff is not entitled to the relief requested and respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant costs and such other relief as the Court may deem appropriate.

//

//

Dated:  February 4, 2015

        Respectfully submitted,

        JOYCE R. BRANDA
        Acting Assistant Attorney General
        Civil Division

        <u>/s/ Carol Federighi</u>
        ELIZABETH J. SHAPIRO
        Deputy Director
        CAROL FEDERIGHI
        Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch
        P.O. Box 883
        Washington, DC 20044
        Phone: (202) 514-1903
        Email: carol.federighi@usdoj.gov

        *Counsel for Defendant*